UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                                  **ORDER**
                                                                         10-CR-154S
MALCOLM ERROL CASSAR,

                 Defendant.

       Presently before this Court is Defendant Malcolm Errol Cassar's Motion for Clarification of Sentence. (Docket No. 32.) Cassar requests that this Court (1) clarify the time served sentence it imposed on him on December 9, 2011, and (2) vacate that sentence and resentence him. (Affirmation of Jonathan Langer ("Langer Aff."), Docket No. 32, ¶ 2.) The government opposes the relief requested as unnecessary and untimely. (Docket No. 33.) Finding no appearance or oral argument necessary, Cassar's motion is granted in part and denied in part for the reasons stated below.

       On June 6, 2011, Cassar appeared before this Court and pleaded guilty to making a false claim to United States citizenship, in violation of 18 U.S.C. § 911. (Docket Nos. 17, 18.) In the plea agreement, the parties agreed that Cassar's total offense level was 6 and that his criminal history category was III, resulting in a Guidelines sentencing range of 2 to 8 months' imprisonment, a fine of $500 to $5,000, and a period of supervised release of 1 year. (Docket No 17.)

       On December 9, 2011, Cassar appeared for sentencing. (Docket No. 27.) By

that time, he had been in federal pretrial custody for 19 months and 20 days.[1]   In line with the sentencing calculations contemplated by the parties and computed by the probation officer, this Court found that Cassar faced a Guidelines sentencing range of 2 to 8 months' imprisonment.   (Sentencing Transcript, Docket No. 39, pp. 3-4.)   After hearing from counsel and Cassar, and after considering the relevant factors under 18 U.S.C. § 3553 (a), this Court imposed a sentence of time-served with no supervised release to follow.   (Docket No. 27, 28.)

Cassar now first seeks clarification of his time-served sentence, which he understands to include 22 months of pretrial detention.   (Langer Aff., ¶ 5.)   Cassar is in removal proceedings and has a final removal hearing scheduled before an Immigration Judge on March 22, 2019.   (Id., ¶ 6.)   He represents that under the immigration laws, the time served sentence he received in this case is construed as a 22-month sentence, not a sentence of between 2 and 8 months within the Guidelines range.   (Id.)   Because his eligibility for relief hinges on the interpretation of his sentence, Cassar seeks to clarify whether this Court intended its time served sentence to be the equivalent of 22 months' imprisonment or whether it intended it to be a sentence of between 2 and 8 months within the Guidelines range.   If it is the latter, Cassar may be eligible for relief from removal; if it is the former, he will not be.

---

[1] Cassar was initially charged in a criminal complaint on January 27, 2010.   He made his initial appearance before the magistrate judge on February 4, 2010, at which time he was ordered detained and returned to state custody, in contemplation of a federal detention hearing in April 2010, when Cassar was expected to be released from state custody.   Cassar next appeared before the magistrate judge on April 20, 2010, at which time he was remanded to federal pretrial custody, which continued up to and including the December 9, 2011 sentencing date.

Having reviewed the presentence investigation report and the sentencing transcript, the most clarification this Court can offer is this: First, the period of federal pretrial detention Cassar served was 19 months and 20 days, not 22 months. Second, in the absence of any pretrial detention, Cassar's case is the type in which this Court would ordinarily impose a sentence within the applicable Guidelines range, here 2 to 8 months. Third, in considering Cassar's case, this Court concluded that a time served sentence fully satisfied a sentence within the applicable 2-8 months' Guideline range. Finally, had Cassar not been detained, this Court would most likely have imposed a sentence within the 2-8 months' Guidelines range, and most certainly would not have invoked an upward variance to impose a sentence above 8 months, which, in this Court's view, would be a sentence greater than necessary to serve the goals of sentencing. Beyond that, this Court offers no further clarification or any opinion on the legal effect of its time served sentence on Cassar's immigration proceedings, which this Court recognized Cassar would likely face after sentencing. (Sentencing Transcript, pp. 4, 6, 7, 9.) Consequently, Cassar's request to clarify his sentence is granted consistent with the above.

Cassar's second request—to vacate his sentence and allow for resentencing—is denied. Cassar offers no legal basis upon which this relief could be granted nor is this Court aware of any. Cassar was sentenced more than seven years ago and never appealed his sentence or otherwise mounted a challenge to it. Cassar's request to vacate his sentence and allow resentencing must therefore be denied.

IT HEREBY IS ORDERED, that the Motion for Clarification of Sentence (Docket No. 32) is granted in part and denied in part, consistent with this Order.


Date:   February 28, 2019
        Buffalo, NY


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge